UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARILYN DUNN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-5496** |
| **TANGIPAHOA PARISH SCHOOL BOARD, ET AL.** | **SECTION: "F" (4)** |

### REPORT AND RECOMMENDATION

This case was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 73.1E(A), for the submission of the Proposed Findings and Recommendations.

### I.    Factual Summary

On August 11, 2009, the Plaintiff, Marilyn Dunn ("Dunn"), filed a Complaint against Tangipahoa Parish School Board, Mark Kolwe, and Melissa Stilley (collectively "the Defendants") in the United States District Court in the Eastern District of Louisiana.

On December 10, 2009, Dunn filed an *ex parte* motion for additional time to serve her Complaint in this matter. (R. Doc. 4.) On December 17, 2009, the Court granted Dunn a 10 day extension to serve her Complaint. (R. Doc. 6.) On February 12, 2010, well after the 10 day extension had passed, the Court issued a Show Cause Order finding that there was no record of service or appearance by the Defendants. (R. Doc. 7.) The Court ordered plaintiff to show cause on or before March 3, 2010, stating why the Defendants should not be dismissed for Dunn's failure

to serve within 120 days of filing the Complaint as required under Federal Rule of Civil Procedure 4(m). (R. Doc. 7.)

II.     **Analysis**

Under Fed. R. Civ. P. 4(m), service must be made within 120 days of the filing of the complaint. In this case, summons were issued, but despite the fact that the Court granted Dunn an extension of ten (10) days to serve the summons, have never been returned. The record demonstrates that the Defendants have not been served.

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed.R.Civ.P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).

The Court cannot allow a continued failure to comply with a Court Order. Dunn has offered no explanation, and the Court can find none in the record, for the delay in prosecuting these claims or her failure to Show Cause as ordered by the Court. Therefore, dismissal of Dunn's action is proper under Rule 41(b).

III.    **Recommendation**

Accordingly,

It is **RECOMMENDED** that Marilyn Dunn's Complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

2

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 21st day of April 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**